IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE PRUDE and
SCOTTIE BALDWIN,

                                  Plaintiffs,

      v.

MILWAUKEE COUNTY JAIL and
DAVID A. CLARKE, JR.

                                  Defendants.

ORDER

13-cv-718-bbc

---

      Plaintiffs Terrance Prude and Scottie Baldwin, prisoners at the Waupun Correctional Institution, have filed a proposed civil complaint, which they have both signed. Plaintiffs have also filed a motion to permit plaintiffs to jointly pay one $400 filing fee for filing this case. The motion will be denied.

      First, although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $400 fee for filing the action. <u>Boriboune v. Berge</u>, 391 F.3d 852 at 856 (7th Cir. 2004). In other words, before this court will screen the complaint, each plaintiff will have to pay either a full filing fee if he does not qualify to proceed *in forma pauperis*, or an initial partial payment of the fee calculated pursuant to the method described in 28 U.S.C. § 1915(b). If an inmate qualifies for payment of an initial partial payment, he will thereafter be responsible for paying the remainder of the full fee in installments pursuant to 28 U.S.C. § 1915(b)(2).

      Next, plaintiff Prude has filed a letter stating that he and plaintiff Baldwin do not have enough money for each to have to pay the $400 filing fee. If either plaintiff cannot afford to pay the $400 filing fee, then that plaintiff may submit a motion for leave to proceed *in forma*

*pauperis* along with a trust fund account statement from the six-month period immediately preceding the filing of this complaint. Plaintiffs' complaint was signed on October 9, 2013. Their trust fund account statements should cover the period beginning approximately April 9, 2013 and ending approximately October 9, 2013. In the event that plaintiffs wish to petition the court to proceed *in forma pauperis*, I will give them a short deadline to do so.

Finally, plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. The court is required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action on a finding that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Therefore, each plaintiff assumes the risk of incurring a strike if a claim relating to any other plaintiff warrants a strike under § 1915(g). In addition, each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf, even though a third party may have written it. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case. Further, in screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff. If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

ORDER

IT IS ORDERED that

1. Plaintiffs Terrance Prude and Scottie Baldwins' motion to permit plaintiffs to jointly pay one $400 filing fee, dkt. #4, is DENIED.

2. Plaintiff Terrance Prude may have until November 22, 2013, in which to submit a motion for leave to proceed *in forma pauperis* and a trust fund account statement for the period beginning April 9, 2013 and ending approximately October 9, 2013.

3. Plaintiff Scottie Baldwin may have until November 22, 2013, in which to submit a motion for leave to proceed *in forma pauperis* and a trust fund account statement for the period beginning April 9, 2013 and ending approximately October 9, 2013.

4. If, by November 22, 2013, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the filing fee.

Entered this 1st day of November, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge

3